| | |
|---|---|
| 1 | DANIEL G. BOGDEN |
| | United States Attorney |
| 2 | Christina M. Brown |
| | Assistant United States Attorney |
| 3 | 333 Las Vegas Blvd. South, Suite 5000 |
| | Las Vegas, Nevada 89101 |
| 4 | (702) 388-6336 (Telephone) |
| | (702) 388-6020 (Fax) |
| 5 | Counsel for the United States |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:09-cr-0013-GMN-VCF |
| Plaintiff, | ) | |
| | ) | UNITED STATES' MOTION FOR |
| vs. | ) | INVOLUNTARILY TUBERCULOSIS |
| | ) | TEST |
| RICHARD ANDREW BROKER, | ) | |
| aka Richard Lee Daggett | ) | |
| | ) | |
| _____ | ) | |

The United States of America, by and through Daniel G. Bogden, United States Attorney, Christina M. Brown, Assistant United States Attorney, files this Motion in support of its request for an Order authorizing the United States Marshals Service and medical staff to require the defendant to involuntarily submit to a chest x-ray to determine whether he is actively infected with Tuberculosis ("TB").

In support, the United States provides the following:

1. The United States Office of Probation and Parole has filed Petitions seeking revocation of the defendant's supervised release, alleging various violations of conditions imposed by this Court in the Amended Judgment entered November 4, 2011.

2. On March 8, 2013, this Court entered an Order for a psychiatric or psychological evaluation of the defendant to determine his competency to participate in the proceedings.

1

3. On today's date, the undersigned was informed by the United States Marshals' Service that the Bureau of Prisons will not accept the defendant for transportation or accept him into their custody to perform the evaluation until the defendant has been tested for TB. Due to the defendant's known medical condition, the defendant would be required to submit to an x-ray examination, a physically non-invasive procedure. The defendant refuses to voluntarily submit to the test.

4. Tuberculosis is a highly contagious, dangerous disease. Detection and containment of TB is a legitimate penological goal. According to the U.S. Marshals, this test is required by BOP of anyone accepted into its custody in order to protect its staff, the visiting public and other inmates. Therefore, the test is reasonably related to the legitimate penological goal of detecting and containing TB. *See Walker v. Sumner*, 917 F.2d 382 (9th Cir. 1990), requiring that forced medical testing must be reasonably related to a legitimate penological goal. *See also McCormick v. Stalder,* 105 F.3d 1059, 1061 -1062 (5th Cir. 1997)(Prison did not violate due process by forcing treatment for active TB. Prison's interest in preventing spread of TB compelling, and includes providing medical treatment for infected inmates. Treatment policy was rational means of discharging the prison's duty to prevent TB.)

5. The x-ray examination the medical staff seeks to administer is not physically invasive and advances the compelling penological goal of detecting a contagious disease, preventing its spread, and protecting the health of staff, other inmates, and the public.

6. The defendant's mental competence to participate in these proceedings cannot be determined without his commitment to a BOP facility. The order sought by the United States advances the defendant's interest in expeditiously determining his mental competence while ensuring his health is protected, his medical needs met, and ensures that the health of other inmates and staff is protected.

1 | WHEREFORE the United States respectfully requests that the Court enter the attached Order.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

 /s/ *Christina M. Brown*
CHRISTINA M. BROWN
Assistant United States Attorney

**Certificate of Service**

A copy of the foregoing was served upon counsel of record, via Electronic Case Filing, on this 22nd day of March, 2013.

/s/ Christina M. Brown
Christina Brown
Assistant U.S. Attorney

3

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 2:09-cr-0013-GMN-VCF |
| Plaintiff, ) | |
| vs. ) | ORDER |
| RICHARD ANDREW BROKER, ) aka Richard Lee Daggett ) | |

Upon motion of the United States to compel the defendant to submit to a chest x-ray at the expense of the United States Marshals Service to ensure that the defendant is not infected with active Tuberculosis, the Court finds that the motion shall be granted in order to give effect to this Court's Order for a psychological or psychiatric competency examination, and to ensure the protection of the defendant's health as well as the USMS staff, staff of the BOP, other inmates and the visiting public.

It is therefore ORDERED that the defendant shall submit to a chest x-ray, through whatever force is reasonably necessary to give effect to this Order, at the expense of the United States Marshals Service.

**DATED** this 25th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge